JOHN W. HUBER, United States Attorney (#7226)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
AARON CLARK, Assistant United States Attorney (#15404)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov





UNDER SEAL

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSONKING ANYANWU,<br>DANIEL NEGEDU, and<br>ONORIODE KENNETH ADIGBOLO,<br><br>Defendants. | INDICTMENT<br><br>VIOS.<br>COUNT 1: 18 U.S.C. § 1956 (Conspiracy to Commit Money Laundering);<br>COUNTS 2-4: 18 U.S.C. § 1957 (Money Laundering).<br><br>Case: 2:19-cr-00190<br>Assigned To : Waddoups, Clark<br>Assign. Date : 5/28/2019<br>Description: |

The Grand Jury Charges:

At all times relevant to this Indictment,

1. The Defendants conspired with each other and others known and unknown to the grand jury (the "Unnamed Coconspirators") to (i) use fake profiles on social media websites to befriend potential victims on the internet, (ii) use false pretenses to entice and pressure those victims to send money to the Defendants, and then (iii) engage in a series of subsequent transactions to spend that money and relay it through multiple accounts to

6. For example, they fraudulently obtained and laundered money from the following victims in the following manner:

   a. Defendants and their Unnamed Coconspirators contacted C.S., a seventy-five-year-old on social media by an individual using the profile "Aaron.Brain" who claimed to be a businessman living in Germany. "Brain" provided photos and discussed his business, claiming he was involved in a business venture supplying pipe for a sewer in Turkey. "Brain" provided photographs of industrial pipes in a warehouse. He told C.S. she could make $600,000 in his business venture. He convinced her to send ten checks totaling $275,000 and five wire transfers totaling $81,000, all between 4/2/2018 and 5/17/2018. She sent the checks and wired the money according to instructions provided by Defendants and their Unnamed Coconspirators through the "Aaron Brain" account, using interstate communications. Six of the checks were mailed from outside the District of Utah to individuals located in the District of Utah: Defendants DANIEL NEGEDU, JEFFERSONKING ANYANWU, ONORIODE KENNETH ADIGBOLO, and an Unnamed Coconspirator.

   b. The Defendants and their Unnamed Coconspirators befriended V.B. through a popular online dating application by using a profile pretending to be a male with a Facebook profile "Rogio.Papinto.583" for future communications. Using interstate communications, they convinced V.B. that "Rogio" had a successful business in Utah and that DANIEL NEGEDU

3

and an Unnamed Coconspirator were his business associates. "Rogio" provided her a copy of a fake State of Utah business license to show he was a legitimate businessmen, and a fake check showing a payment of $1,900,800 to his business, all to provide V.B. the false impression that "Rogio" had a very successful, legitimate business. The Defendants and their Unnamed Coconspirators convinced V.B. to wire money to the Unnamed Coconspirator under the false pretense that it would be used as an investment in the business.

c. The Defendants and their Unnamed Coconspirators used the name of a U.S. military general whose initials are S.T. to befriend N.W, a seventy-four-year-old woman, through social media. Through the S.T. persona they pretended to be a high ranking officer at Ft. Bragg who was deployed overseas. They claimed to N.W. through interstate communications that S.T. had a "portfolio" that was restricted due to customs fees and that he needed her assistance to get his "portfolio" released. They instructed N.W. to send checks made out to Defendants DANIEL NEGEDU, ONORIODE KENNETH ADIGBOLO, and at least two Unnamed Coconspirators. The address they provided N.W. for purpose of mailing the checks was an address for DANIEL NEGEDU in Vineyard, Utah, and other locations. N.W. sent approximately $140,150 to DANIEL NEGEDU, ONORIODE KENNETH ADIGBOLO and their Unnamed Cocompsirators as she was instructed. Defendants and their Unnamed Coconspirators used accounts at

      financial institutions to deposit and receive those funds and then engage in further transactions and withdrawals with $90,150 of those funds.

d. Using the name "John Brown," the Defendants and their Unnamed Coconspirators befriended D.J., a sixty-nine-year-old-woman, through a social media account. Brown claimed he was in Sweden under house arrest for failure to pay taxes while he was working on a job in Houston, Texas. He claimed it was a big misunderstanding and that he needed money to pay his lawyer. He provided D.J. with payment instructions using interstate wire communications. Those payments – totaling $112,500 – were received and deposited into Defendant JEFFERSONKING ANYANWU's accounts at financial institutions for the purpose of enabling further transactions with and withdrawals of those funds.

e. Again using the name of a United States military general whose initials are S.T., Defendants and their coconspirators contacted S.L., a seventy-six-year-old widow, through a social media application over interstate wires. S.T. claimed he was a U.S. Army General in Syria, but he couldn't get military transport out of Syria. He told her he needed $50,000 to fly out on a jet specially equipped with bomb or missile detection. He directed her to send a total of $50,000 in checks to Defendants DANIEL NEGEDU and JEFFERSONKING ANYANWU (or to his dba name, "Royalty"), and to another person who has engaged in multiple financial transactions with several of the Defendants.

f. Using the name "William Christopher," Defendants and their coconspirators befriended P.D., a fifty-seven-year-old woman, through a social media application through interstate wire communications. They claimed to P.D. that Christopher was an engineer working as a subcontractor for a large oil company, and assigned to work in Oman. After establishing an online relationship, Christopher began requesting that P.D. send money to help finance purchase of equipment for the project he was working on. P.D. sent the money according to his instructions, which was received and deposited into accounts for Defendant JEFFERSONKING ANYANWU and an Unnamed Coconspirator, who used accounts at financial institutions to receive the funds and engage in subsequent transactions with the funds.

g. Claiming to be a Brigadier General in the United States military whose initials are G.G., Defendants and their coconspirators befriended J.D., a seventy-five-year-old woman, social media using interstate wire communications. Defendants and their coconspirators told J.D. that Goddard was a U.S. General in Syria and that he needed the money for the purpose of releasing a "portfolio" which was held up in customs. Goddard asked her to mail $90,000 in cash to "Raymond Maxwell" at an address associated with Defendant ONORIODE KENNETH ADIGBOLO in Pleasant Grove, Utah, which she did on or about April 1, 2019.

## COUNT I
18 U.S.C. § 1956(h)
(Conspiracy to Launder Monetary Instruments)

### THE CONSPIRACY

7. Paragraphs 1 through 6 are incorporated as though fully repeated and realleged herein.

8. From a date unknown to the Grand Jury, but believed to be no later than on or about May 11, 2017, in the District of Utah and elsewhere,

**JEFFERSONKING ANYANWU,
DANIEL NEGEDU, and
ONORIODE KENNETH ADIGBOLO,**

the Defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(i) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, bank fraud and wire fraud in violation of Sections 1343 and 1344 of Title 18 of the United States Code, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature,

7

location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and (ii) to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the fraudulently obtained proceeds identified in Counts 2 through 6 below, such property having been derived from a specified unlawful activity, that is, bank fraud and wire fraud in violation of Sections 1343 and 1344 of Title 18 of the United States Code, in violation of Title 18, United States Code, Section 1957;

all in violation of Title 18, United States Code, Section 1956(h).

## MANNER AND MEANS

9. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following transactions,

   a. Transactions moving money from inside the United States to outside the United States, including but not limited to:

      i. A May 2, 2018 wire of $9,970 from an Unnamed Coconspirator's account at a financial institution in the District of Utah to an account at First City Monument Bank in Nigeria using proceeds fraudulently obtained from V.B.;

      ii. An April 13, 2018 wire of $12,533 from an account at a financial institution in the District of Utah in the name of Defendant DANIEL

NEGEDU to an account at First City Monument Bank in Nigeria using proceeds fraudulently obtained from S.L.;

    iii. A May 1, 2018 wire of $1,150 from an account at a financial institution in the District of Utah in the name of Defendant ONORIODE KENNETH ADIGBOLO to an account at First City Monument Bank in Nigeria using proceeds fraudulently obtained from C.S.;

    iv. An April 24, 2018 wire of $42,470 from an account at a financial institution in the District of Utah in the name of Defendant JEFFERSONKING ANYANWU to an account at First City Monument Bank in Nigeria using proceeds fraudulently obtained from D.J.;

b. Transactions involving criminally derived property of a value of greater than $10,000, including but not limited to:

    i. An April 19, 2018 wire transfer of $14,327 from DANIEL NEGEDU's account in Utah to First City Monument Bank in Nigeria using funds fraudulently obtained from S.L.;

    ii. A May 11, 2018 wire transfer of $12,515 from ONORIODE KENNETH ADIGBOLO's account in Utah to a Bank of America account in North Carolina using funds fraudulently obtained from C.S.;

    iii. An April 24, 2018 wire transfer of $42,470 from JEFFERSONKING

9

ANYANWU's account in Utah to First City Monument Bank account in Nigeria using funds fraudulently obtained from D.J.;

iv. An April 19, 2018 wire transfer of $11,185 from an Unnamed Coconspirator's account in Utah to First City Monument Bank in Nigeria using funds fraudulently obtained from P.K. and J.T.O.;

v. A May 9, 2018 cash withdrawal of $15,000 from an Unnamed Coconspirator's Chase account using funds fraudulently obtained from N.W and M.N.

All in violation of Title 18, United States Code, Section 1956(h).

## **COUNTS 2 through 4**
18 U.S.C. § 1957
(Money Laundering)

10. Paragraphs 1 through 8 above are incorporated as though fully repeated and realleged herein.

11. On or about the dates set forth below, in the District of Utah, and elsewhere, the Defendant identified below, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transactions indicated below, such property having been derived from a specified unlawful activity, that is wire fraud and bank fraud in violation of Title 18, United States Code, Sections 1343 and 1344, all in violation of Title 18, United States Code, Sections 1957 and 2, each transaction constituting a separate count:

| COUNT | DEFENDANT | DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 2 | **DANIEL NEGEDU** | April 19, 2018 | Wire transfer of $14,327 from DANIEL NEGEDU's account in Utah to First City Monument Bank in Nigeria using funds fraudulently obtained from S.L. |
| 3 | **ONORIODE KENNETH ADIGBOLO** | May 11, 2018 | Wire transfer of $12,515 from ONORIODE K. ADIGBOLO's account in Utah to Bank of America account in North Carolina using funds fraudulently obtained from C.S. |
| 4 | **JEFFERSONKING ANYANWU** | April 24, 2018 | Wire transfer of $42,470 from JEFFERSONKING ANYANWU account in Utah to First City Monument Bank account in Nigeria using funds fraudulently obtained from D.J. |

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to Title 18, United States Code, Section § 982(a)(1), upon conviction of any offense in violation of Title 18, United States Code Sections 1956(h) and/or 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in the money laundering charges, and any property traceable to such property. The property to be forfeited includes, but is not limited to the following:

- A money judgment equal to the value of all property involved in the money laundering charges and not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in Title 21 United States Code, Section 853(p).

- Substitute property as allowed by Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section § 853(p).

A TRUE BILL:

\_\_\_\_\_/S/\_\_\_\_\_
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
Carl D. LeSueur
Assistant United States Attorney

12